**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**

June 9, 2020

LETTER TO COUNSEL

      RE:    *Richard Anthony Gayle v. Wilson*, *et al.*,
             Civil No. SAG-20-1214

Dear Counsel:

      I have reviewed the "Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief" filed by Petitioner Richard Anthony Gayle, ECF 1, the Answer filed by Respondents Warden Calvin Wilson, Matthew T. Albence, and Janean A. Ohin (collectively "Respondents"), ECF 6, ECF 7, and Gayle's Reply, ECF 10. No hearing is necessary. *See* Loc. Rule 105.6 (D. Md. 2018). For the reasons set forth below, Gayle's Petition for Writ of Habeas Corpus will be denied.

      Gayle is in pretrial custody of the U.S. Marshals' Service, pending criminal charges in *United States v. Richard Gayle,* SAG-19-585 (D. Md.). On April 22, 2020, United States Magistrate Judge Deborah L. Boardman held a detention hearing for Gayle. *Id.*, ECF 119. Judge Boardman considered whether pretrial release or detention of Gayle was proper, and applied the standards set forth in 28 U.S.C. § 3142. *Id.*, ECF 120, ECF 121. Judge Boardman opined that while she believed there might be conditions of release that could assure the safety of the community, Gayle, as a native and citizen of Jamaica previously subject to deportation, was presently subject to a detainer lodged by the Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF 121. She ultimately decided that "the Court will not release Mr. Gayle at this time because there is an ICE detainer lodged against him, and the Court will not permit his transfer from one facility to another during the current public health emergency [related to COVID-19]." ECF 120. She noted that, "[i]f the ICE detainer is removed, I will enter a release order with the conditions stated herein." ECF 121 at 3. Despite Judge Boardman's expression of her intent to release Gayle if the ICE detainer could be removed, the detainer remains in effect, as Gayle concedes, thus he remains detained at the Chesapeake Detention Facility ("CDF") — in the custody of the U.S. Marshals' Service — pursuant to the Order of Detention issued by Judge Boardman.

      Gayle filed the instant action on May 13, 2020, asserting claims under the Fifth Amendment to the United States Constitution and the Rehabilitation Act against three officials: Warden Calvin Wilson of the CDF, and two officials of ICE (together, "the ICE

Respondents"), Matthew T. Albence, in his Official Capacity as Deputy Director and Senior Officer Performing the Duties of the Director, and Janean A. Ohin, in her Official Capacity as Acting Baltimore Field Officer.  ECF 1.

In relevant part, Gayle seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF 1 ¶ 8.  He meets the requirement of being in federal custody within this jurisdiction.  However, he is in the custody of the United States Marshals' Service, and not ICE.  Thus, the ICE Respondents are not appropriately named in this petition for a writ of habeas corpus. *See, e.g., Asemani v. Dept. of Homeland Security, Immigration and Customs Enforcement,* No. RDB-16-4065, 2017 WL 1233803, at *2 (D. Md. Apr. 3, 2017) (dismissing § 2241 petition naming ICE, where the petitioner was "in custody of the Division of Correction of the State of Maryland, and fail[ed] to meet his burden to show that he [was] in ICE custody.")  *Gomez-Rodriguez v. Perdue,* 2014 WL 4782948, at *2 (N.D. W.Va. Sep. 23, 2014) ("Thus, ICE filing a detainer does not place the petitioner in ICE custody for habeas corpus purposes."); *Hernandez-Regules v. Immigration and Customs Enforcement,* 2013 WL 5964569, at *3 (D. S.C. Nov. 7, 2013) ("As the filing of an ICE detainer does not subject a prisoner to INS custody, Plaintiff cannot meet the 'in custody' requirement to challenge his ICE detainer under § 2241.").

The Fourth Circuit has not issued a published, binding opinion resolving whether a petitioner may leverage § 2241 to challenge the conditions of his confinement. *Coreas v. Bounds*, No. TDC-20-0780, 2020 WL 1663133, at *6 (D. Md. Apr. 3, 2020). In *Coreas*, United States District Judge Theodore D. Chuang found that "in the absence of binding Fourth Circuit authority… a claim by an immigration detainee seeking release because of unconstitutional conditions or treatment is cognizable under § 2241." *Id.* at *7; *but see Toure v. Hott*, 2020 WL 2092639, at *7 (E.D. Va. Apr. 29, 2020) ("This Court respectfully disagrees with that rationale [expressed in *Coreas*], and indeed, finds the asserted reasons for departing from *Wilborn*[, 795 F. App'x 157 (4th Cir. 2019)] actually weigh against such a departure."). In any event, *Coreas* is readily distinguishable, because the petitioners in that case were immigration detainees in ICE custody. *Id.* at *3 ("Petitioners are both detained by ICE in Maryland, and both have underlying medical conditions"). As noted above, Gayle, on the other hand, is in the custody of the U.S. Marshals' Service.  While Gayle contends that ICE has "constructive custody by virtue of the detainer," ECF 10 at 3, he has not expressly sought the removal of the ICE detainer in this action.  Regardless, any challenge to the validity of the ICE detainer, or any attempt to have it rescinded even if it is valid, must be made through other administrative channels.

With respect to Gayle's remaining habeas challenge to his pretrial detention, he has not exhausted his alternative remedies.  As the Fourth Circuit has cogently explained:

> Under 28 U.S.C. § 2241, federal district courts are granted broad authority, "within their respective jurisdictions," 28 U.S.C.A. § 2241(a), to hear applications for writs

*Richard Anthony Gayle v. Wilson*
Civil No. SAG-20-1214
June 9, 2020
Page 3

> of habeas corpus filed by persons claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." *Id.*, *see Rasul v. Bush*, 542 U.S. 466, 473 (2004); *id.* at 483–84 (noting that "[s]ection 2241, by its terms, requires nothing more" than "the District Court's jurisdiction over petitioners' custodians"). However, it has long been established that the district court's discretion to entertain habeas petitions and exercise the power of the writ is not boundless. "[P]rudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Green*, 553 U.S. 674, 693 (2008) (citation and internal quotation marks omitted) . . . . Accordingly, "even where a habeas court has the power to issue the writ," the question remains "whether . . . that power ought to be exercised." *Munaf,* 553 U.S. at 693 (internal quotation marks and alteration omitted; *see Francis*, 425 U.S. at 539. As a general rule, in the absence of "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent," *Bowen v. Johnston,* 306 U.S. 19, 27 (1939), courts "require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Boumediene,* 128 S. Ct. at 2274.

*Timms v. Johns*, 627 F.3d 525, 529-31 (4th Cir. 2010) (slight alterations in formatting).

Unlike the immigration detainees in *Coreas* that had "no vehicle by which to seek redress" if § 2241 were unavailable, *see* 2020 WL 1663133, at *7, here, 18 U.S.C. § 3145 expressly provides for review and appeal of a detention order issued by a United States Magistrate Judge. This mechanism remains available for Gayle to seek a prompt appeal of Judge Boardman's existing detention order, including, if necessary, a further appeal to the United States Court of Appeals for the Fourth Circuit. Accordingly, Gayle has not exhausted his alternative remedies, as required before seeking federal habeas relief, and his petition for relief under 28 U.S.C. § 2241 will be denied, without prejudice to his seeking similar relief if appropriate at a later time.

At this stage of the proceeding, the Court will not address the continuing viability of Gayle's claims for injunctive and declaratory relief against the Respondents. Although the rulings herein might suggest certain outcomes with respect to those claims, no motion to dismiss has been filed, and the Court will await full briefing of any such motion.

*Richard Anthony Gayle v. Wilson*
Civil No. SAG-20-1214
June 9, 2020
Page 4

For the reasons set forth herein, Gayle's Petition for Habeas Corpus will be DENIED. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                                      Sincerely yours,

                                            /s/

                                      Stephanie A. Gallagher
                                      United States District Judge