IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICHARD ANTHONY GAYLE,** | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Case No. SAG-20-1214 |
| | * | |
| **WARDEN CALVIN WILSON,** *et al.*, | * | |
| | * | |
| Respondents. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Petitioner Richard Anthony Gayle ("Gayle") filed a petition for writ of habeas corpus and a complaint for declaratory and injunctive relief against Respondents Warden Calvin Wilson of the Chesapeake Detention Facility, and two officials of the Department of Homeland Security, U.S. Bureau of Immigration and Customs Enforcement ("ICE"), Matthew T. Albence, and Janean A. Ohin (collectively "Respondents"). Petition, ECF 1. On June 9, 2020, this Court entered a letter order denying Gayle's petition for writ of habeas corpus. ECF 11. Currently pending is a motion to dismiss filed by Respondents, ECF 12. Gayle has not filed an opposition, and the time to do so has now expired. For the reasons explained below, the motion will be granted, and Gayle's remaining claims will be dismissed without prejudice.

I. **FACTUAL BACKGROUND**

The following facts are derived from Gayle's Petition, and from this Court's docket in Gayle's related criminal case. Gayle is in pretrial custody of the U.S. Marshals' Service ("USMS"), pending criminal charges in *United States v. Richard Gayle*, SAG-19-585 (D. Md.). On April 22, 2020, United States Magistrate Judge Deborah L. Boardman held a detention hearing for Gayle. *Id.*, ECF 119. Judge Boardman considered whether pretrial release or detention of Gayle

was proper, applying the standards set forth in 28 U.S.C. § 3142. *Id.*, ECF 120-02, & ECF 121. Judge Boardman opined that while she believed there might be conditions of release that could assure the safety of the community, Gayle, as a native and citizen of Jamaica previously subject to deportation, was presently subject to a detainer lodged by the Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF 121. She ultimately decided that "the Court will not release Mr. Gayle at this time because there is an ICE detainer lodged against him, and the Court will not permit his transfer from one facility to another during the current public health emergency [related to COVID-19]." *Id.*, ECF 120. She noted that, "[i]f the ICE detainer is removed, I will enter a release order with the conditions stated herein." ECF 121 at 3. Despite Judge Boardman's expression of her intent to release Gayle if the ICE detainer could be removed, the detainer remains in effect, as Gayle concedes, and thus Gayle remains detained at the Chesapeake Detention Facility ("CDF"), in the custody of the USMS, pursuant to the Order of Detention Judge Boardman issued.

Gayle alleges in his petition that he "is an individual detained at the Chesapeake Detention Facility under an ICE detainer who is particularly vulnerable to serious illness or death if infected by COVID-19." ECF 1, ¶ 5. He further alleges that "ICE has taken no meaningful steps to curb the spread of the virus." *Id.* Gayle submits that he suffers from kidney failure requiring dialysis therapy, asthma, and high blood pressure, conditions which may place him at higher risk for serious complications. *Id.* ¶ 10. Gayle concedes that he:

> has not yet been convicted or sentenced for the conspiracy charges. Upon the final adjudication of criminal cases against immigrants, the protocol is for ICE to place a detainer and remove the defendant from state custody to ICE custody. In Mr. Gayle's case he would be taken by ICE to remain in an immigration facility at Jessup Detention Center, Worcester County Detention Center, Frederick County Detention Center, or other space that ICE leases from the State government to house detained immigrants.

2

*Id.* ¶ 26. However, he also alleges that "ICE has refused to lift the detainer against Mr. Gayle and has instructed the Chesapeake Detention Center not to release Mr. Gayle." *Id.* ¶ 64. His Petition contends that he was excluded from participation in a program or activity conducted by the United States as a result of his disability, under the Rehabilitation Act, namely "the removal process." *Id.* ¶ 102, 104.

Gayle's two claims for relief are as follows: First, he alleges that Defendants are acting in violation of his Fifth Amendment substantive due process right by subjecting him to continued detention, and by failing to safeguard his health and safety. *Id.* ¶¶ 91-99. Second, he alleges, as noted above, a violation of the Rehabilitation Act consisting primarily of the failure to allow him to participate in the removal process. *Id.* ¶¶ 100-109. Other than the writ of habeas corpus, which was denied by separate order, Gayle requests (1) an injunction "ordering Defendants to immediately release Plaintiff or place him in community-based alternatives to detention," and (2) a declaration "that Defendants' continued civil detention of individuals at increased risk [of] severe illness . . . violates the Due Process Clause and/or the Rehabilitation Act." *Id.* at 29-30 (ad damnum clause).

## II.   LEGAL STANDARD

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . ."); *see also Willner v. Dim on*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts]

4

in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).  However, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Where a litigant fails to challenge a motion to dismiss, district courts "nevertheless have an 'obligation to review the motion and ensure that dismissal is appropriate.'" *Hughes v. Cabell Cty., W.V.*, 2020 WL 2202328, at *5 (S.D. W. Va. Apr. 14, 2020) (quoting *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014)).

**III.   ANALYSIS**

A primary flaw in Gayle's legal theory is that he is not in ICE custody.  Gayle is in the custody of the USMS, and that entity has not been named as a defendant in this action.  Thus, the injunctive relief Gayle seeks, namely his release from custody, is not relief that can be sought from ICE, which plays no role in his current detention. While, in theory, the Warden of CDF might be able to take action to alter the conditions of Gayle's confinement, or even to effect his release from the facility, Gayle remains unable to satisfy at least one of the four required elements for injunctive relief.  *See, e.g., SAS Inst., Inc. v. World Programming Ltd.,* 874 F.3d 370, 385 (4th Cir. 2017) (determining that, to obtain an injunction, a plaintiff must meet the "high bar" of demonstrating

irreparable injury, inadequate remedies available at law, that a remedy at equity is warranted after considering the balance of hardships, and that the public interest would not be disserved by the injunction). As described more fully in the letter order denying Gayle's petition seeking a writ of habeas corpus, there is an adequate remedy at law that is readily available to Gayle. ECF 11 at 3. Specifically, he can pursue an appeal of Judge Boardman's detention order under 18 U.S.C. § 3145. Thus, even if each of the other three elements were satisfied, injunctive relief would remain inappropriate.

In addition, the declaratory relief Gayle seeks, relating to the legality of "Defendants' continued civil detention of individuals at increased risk [of] severe illness" is far beyond the scope of his individual case. Even had Gayle styled this case as a class action, he would not be able to seek that particular declaratory relief, because he is not in civil detention or ICE custody, and would not therefore be a member of his identified class of civil detainees.

In addition to the above deficiencies, Gayle's Rehabilitation Act claim does not fulfill the pleading requirements described in *Twombly*. Even taking all the allegations in Gayle's Petition as true, he has not alleged any action taken by any of the Defendants to prevent Gayle's participation in the removal process, or in any other service or benefit offered by CDF. Specifically, Gayle is not in the ICE removal process because he is in USMS custody awaiting disposition of his criminal charges, not because he has any alleged disability.

Certainly, it is feasible that at some point, Gayle will come into primary ICE custody, either because his criminal charges reach final disposition, or because he is released from USMS custody to the ICE detainer during the pendency of the criminal proceedings. Accordingly, the instant Petition will be dismissed without prejudice, to ensure that Gayle will not be precluded from pursuing any appropriate claims against ICE if ICE later becomes his custodian.

## IV. CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss, ECF 12, will be granted and Gayle's Petition will be dismissed without prejudice. A separate Order follows.

Dated: August 10, 2020

/s/
Stephanie A. Gallagher
United States District Judge